UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PATRIARCH PARTNERS, LLC,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>AXIS INSURANCE COMPANY,<br><br>　　　　　Defendant. | Civil Action No. _____<br><br><br>**COMPLAINT AND JURY TRIAL DEMAND** |

## COMPLAINT

Plaintiff Patriarch Partners, LLC ("Patriarch"), by its undersigned counsel, for its complaint against Defendant AXIS Insurance Company ("AXIS"), alleges as follows:

### NATURE OF THE ACTION

1. This is an insurance coverage action in which Patriarch, an investment firm, seeks a declaration of its rights under an excess insurance policy it purchased from AXIS (the "AXIS Policy"). Patriarch further seeks damages from AXIS for breach of contract, based on AXIS's failure to reimburse costs incurred by Patriarch in its ongoing defense of an investigation and enforcement action by the U.S. Securities and Exchange Commission (the "SEC"). True and correct copies of the AXIS Policy, and the Continental Casualty Company primary policy to which the AXIS Policy, in most respects, follows form (the "Continental Policy"), are attached hereto as Exhibits A and B respectively.

2. Patriarch received a subpoena from the SEC dated February 27, 2012, which constituted a Claim under the AXIS Policy. Patriarch timely notified AXIS and the three other insurers in its tower of insurance coverage, and all acknowledged

1

notice. Continental, Patriarch's primary insurer, agreed to fund Patriarch's defense and subsequently reimbursed defense costs until its policy limits were exhausted. Great American Insurance Company ("Great American") and Illinois National Insurance Company ("INIC"), Patriarch's first and second layer excess insurers, agreed to fund Patriarch's defense and subsequently reimbursed defense costs until their policies' limits were exhausted.

3. Now Patriarch turns to AXIS, its third and final layer of excess coverage. Only AXIS has denied coverage.

4. Patriarch seeks a declaration from this Court that AXIS must reimburse Patriarch for all reasonable defense costs already incurred in excess of the underlying insurance policies, and must reimburse all reasonable defense costs going forward and any adverse settlement or judgment until the AXIS Policy's limit of liability is exhausted, and also seeks damages for breach of contract.

**PARTIES**

5. Patriarch is a limited liability company with offices in New York, whose sole member is another limited liability company, the sole member of which is an individual who is a citizen of Florida.

6. Upon information and belief, AXIS is an Illinois corporation with its principal place of business in Alpharetta, Georgia.

**JURISDICTION AND VENUE**

7. This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(2), because the amount in controversy is in excess of $75,000 and because for purposes of diversity jurisdiction Patriarch is a citizen of Florida while AXIS is a citizen of Illinois and has its principal place of business in Georgia.

2

8. Venue is proper in this Court under 28 U.S.C. § 1391 because substantial parts of the events giving rise to the claims for relief pleaded herein occurred within the Southern District of New York.

## FACTS AND ALLEGATIONS COMMON TO ALL COUNTS

### The SEC Serves a Mandatory Subpoena on Patriarch, Issues a Wells Notice, and Commences an Enforcement Action; Patriarch Subsequently Files Suit for Declaratory Relief Against the SEC.

9. On February 27, 2012, the SEC served Patriarch with a subpoena requiring the production of documents (the "Subpoena").

10. On March 30, 2015, the SEC issued an Order Instituting Administrative and Cease and Desist Proceedings (the "Enforcement Action").

11. On April 1, 2015, Patriarch filed a Complaint for Declaratory and Injunctive Relief against the SEC in the United States District Court for the Southern District of New York (the "Dec. Action"). The Dec. Action is currently on appeal to the United States Circuit Court of Appeals for the Second Circuit. On September 17, 2015, the Second Circuit stayed the Enforcement Action pending the resolution of the appeal.

### Patriarch's Insurance Program.

12. During the policy period July 31, 2011 to July 31, 2012 (the "AXIS Policy Period"), Patriarch had in place the following four insurance policies:

   a. A primary "Management Liability Solutions – Private Equity Firms" policy from Continental Casualty Company, Policy No. 287033307 (the "Continental Policy"), with an aggregate limit of liability of $10,000,000.

   b. An "ExecPro Excess" policy from Great American Insurance Company, Policy No. PEX2788091 (the "Great American Policy"),

3

with an aggregate limit of liability of $5,000,000 in excess of the $10,000,000 Continental Policy.

c. An "Excess Edge" policy from Illinois National Insurance Company, Policy No. 04-144-16-53 (the "INIC Policy"), with an aggregate limit of liability of $5,000,000 in excess of the $10,000,000 Continental Policy and the $5,000,000 Great American Policy.

d. The AXIS Policy, with an aggregate limit of liability of $5,000,000 in excess of the $10,000,000 Continental Policy, the $5,000,000 Great American Policy, and the $5,000,000 INIC Policy.

13. The Great American Policy, the INIC Policy, and the AXIS Policy (the "Excess Policies") all "follow form" to the Continental Policy, meaning that unless otherwise noted in an Excess Policy, Great American, INIC and AXIS are bound by all terms and conditions set forth in the Continental Policy.

## The Continental Policy.

14. The Continental Policy provides coverage for "**Loss** … which results from any **Claim** first made against the **Insured Person/Insured Entity** during the **Policy Period** … for a **Wrongful Act**." Ex. A, § I.A.1-2.[1]

15. The Continental Policy enumerates the below defined terms relevant to this case. Where appropriate, only the relevant portion of a definition is listed.

   a. **Claim:** "any administrative or regulatory proceeding," or "an **Investigation** of an **Insured** alleging a **Wrongful Act**."

---

[1] Bold emphasis connotes terms that are defined in the insurance policy in question.

b. **Investigation:** "a formal civil, criminal, administrative or regulatory investigation or inquiry by a federal, state, local, foreign or offshore governmental authority of self-regulatory organization of an Insured in their capacity as such. **Investigation** includes, but is not limited to an order of investigation or other investigation by the Securities and Exchange Commission …."

c. **Wrongful Act:** "any actual or alleged error, statement, misstatement, misleading statement, act, omission, neglect or breach of fiduciary or other duty … committed or attempted, or allegedly committed or attempted by: (A) an Insured Person …; or … (C) an Insured Entity …."

d. **Interrelated Wrongful Acts:** "any Wrongful Acts which are logically or causally connected by reason of any common facts, transactions or events."

e. **Loss:** "damages, settlements, judgments, awards … and **Defense Costs** for which the **Insured** is legally obligated to pay on account of a covered **Claim**…."

f. **Defense Costs:** "all reasonable fees, costs and expenses (including, but not limited to, legal and experts' fees) consented to by the Insurer (such consent not to be unreasonably withheld or delayed) and incurred by the **Insureds** in the investigation or adjustment or defense or appeal of any **Claim** …."

Ex. A, § II.

16. As shown by the definitions above, whereas a given information request/demand need not allege a **Wrongful Act** to meet the definition of **Investigation**, the **Investigation** must in turn allege a **Wrongful Act** in order to become a **Claim**.

<u>The AXIS Policy.</u>

17. AXIS delivered the AXIS Policy to Patriarch's New York offices.

18. The AXIS Policy states that "[e]xcept as set forth herein, coverage under this Policy "shall apply in conformance with all provisions of the **Followed Policy**." The **Followed Policy** is the Continental Policy. AXIS Policy § I.

5

nydocs1-1056499.9

19.  The AXIS Policy also includes a New York Amendatory Endorsement, which adds the following language to the AXIS Policy:

> A claim shall be deemed first made when the Insurer receives written notice of a claim from the Policyholder or a third party.
>
> The failure to report a claim to the Insurer within the time prescribed shall not invalidate such claim for late notice if the Policyholder shows it was not reasonably possible to give such notice within such
>
> time and that notice was given as soon as was reasonably possible thereafter.

**The History of this Insurance Coverage Dispute.**

20.  On March 5, 2012, approximately one week after Patriarch received the Subpoena, and during the Axis Policy period, Patriarch's insurance broker, Willis of Illinois, Inc. ("Willis"), notified Continental, Great American, INIC and AXIS of Patriarch's receipt of the First Subpoena. This was the first notice given to Axis and the other insurers of the SEC claim.

21.  All of Patriarch's insurance companies, including AXIS, acknowledged notice from Willis.

22.  In approximately January 2014, Patriarch's defense costs exhausted the Continental Policy, at which point Patriarch requested that Great American begin reimbursing Patriarch's defense costs. Great American agreed and began reimbursing Patriarch's defense costs.

23.  In approximately January 2015, Patriarch's defense costs exhausted the Great American Policy, at which point Patriarch requested that INIC begin reimbursing Patriarch's defense costs. INIC agreed and began reimbursing Patriarch's defense costs.

24. In approximately August 2015, Patriarch's defense costs exhausted the INIC Policy, at which point Patriarch requested that AXIS begin reimbursing Patriarch's defense costs.

25. By letter dated September 11, 2015 (the "AXIS Denial"), AXIS denied coverage for Patriarch's ongoing defense costs under the AXIS Policy arguing that the SEC claim arose before the AXIS Policy Period. AXIS sent the AXIS Denial to Patriarch's New York offices.

26. AXIS wrongfully denied coverage even though the SEC claim was first made and reported during the Axis Policy Period, and Continental, whose policy AXIS followed, and the other two excess insurance companies whose policies followed form to the Continental Policy, had all reimbursed AXIS's defense costs to the extent of their respective limits of liability.

## COUNT I
### (Declaratory Judgment)

27. Patriarch repeats and re-alleges the allegations of the foregoing paragraphs as if fully set forth herein.

28. The Subpoena received by Patriarch on February 27, 2012 constituted a **Claim** under the AXIS Policy.

29. Patriarch gave AXIS timely notice of the Subpoena, and AXIS acknowledged such notice. Patriarch has also complied with all other terms and conditions of the Axis Policy.

30. Upon exhaustion of the Continental Policy, Great American Policy, and INIC Policy, all of which are governed by the same terms and conditions as the AXIS Policy, Patriarch requested that AXIS begin reimbursing Patriarch's defense costs.

nydocs1-1056499.9

31. AXIS has denied its obligation to reimburse Patriarch's defense costs and indemnify Patriarch for any future judgment, settlement or other resolution of the Enforcement Action adverse to Patriarch.

32. The terms and conditions of the Continental Policy upon which AXIS relies do not bar coverage under the AXIS Policy.

33. Patriarch is incurring and will continue to incur unreimbursed costs and attorneys' fees meeting the AXIS Policy's definition of **Defense Costs** in its defense of the Enforcement Action and its pursuit of the Dec. Action, as long as AXIS continues refusing to reimburse Patriarch.

34. By reason of the foregoing, an actual and justiciable controversy exists between Patriarch and AXIS with respect to the interpretation of the AXIS Policy and AXIS's coverage obligations to Patriarch for proceedings arising from the Subpoena, including but not limited to the Enforcement Action and the Dec. Action.

35. Accordingly, Patriarch seeks a judicial declaration from this Court that AXIS is obligated under the AXIS Policy to reimburse Patriarch's costs and attorneys' fees in accordance with the terms of the Continental Policy up to the AXIS Policy's limit of liability, effective immediately, and indemnify Patriarch in the event of any settlement, judgment or other resolution of the Enforcement Action adverse to Patriarch.

## COUNT II
### (Breach of Contract)

36. Patriarch repeats and re-alleges the allegations of the foregoing paragraphs as if fully set forth herein.

37. Patriarch has performed all of its duties consistent with the terms and conditions of the AXIS Policy.

38. AXIS has refused to reimburse Patriarch for its reasonable defense costs and attorneys' fees in responding to the Subpoena, defending the Enforcement Action and pursuing the Dec. Action.  AXIS has further refused to indemnify Patriarch for any judgment, settlement or other resolution of the Enforcement Action in the future. By reason of its failure to reimburse Patriarch's reasonable defense costs and attorneys' fees and refusal to indemnify future loss from the Enforcement Action, AXIS has breached its obligations to Patriarch under the AXIS Policy.

39. Patriarch has sustained and will continue to sustain damages as a result of Axis' breach of contract.

40. By reason of AXIS's breach of the AXIS Policy, AXIS is liable to Patriarch for damages, including but not limited to compensatory and consequential damages, pre-judgment and post-judgment interest, and reasonable attorneys' fees and expenses in amounts as yet to be ascertained and determined at trial.

### PRAYER FOR RELIEF

WHEREFORE, Patriarch requests that this Court:

1. Enter declaratory judgment on Count I in favor of Patriarch and against AXIS;

2. Enter judgment on Count II in favor of Patriarch and against AXIS for damages in an amount to be determined, including compensatory damages, consequential damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, costs, and such other relief as this Court may deem appropriate; and

3. On all Counts, such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Patriarch hereby demands trial by jury of any and all issues so triable.

Dated: March 29, 2016
New York, New York

    s/ Nicholas R. Maxwell
Finley T. Harckham, Esq.
Nicholas R. Maxwell, Esq.
ANDERSON KILL P.C.
1251 Avenue of the Americas
New York, New York  10020
Telephone:  212-278-1000
fharckham@andersonkill.com
nmaxwell@andersonkill.com

*Attorneys for Plaintiff Patriarch Partners, LLC*