```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/29/16
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PATRIARCH PARTNERS, LLC,

           Plaintiff,

vs.

AXIS INSURANCE COMPANY,

           Defendant.

Civil Action No. 1:16-cv-02277-VEC

**CIVIL CASE MANAGEMENT PLAN AND SCHEDULING ORDER**

      This Civil Case Management Plan is submitted by the parties in accordance with Fed. R. Civ. P. 26(f)(3).

1. All parties [consent / ] **do not consent** to conducting all further proceedings before a United States Magistrate Judge, including motions and trial. 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences. [*If all parties consent, the remaining paragraphs need not be completed. In addition, they shall submit to the Court a fully executed Notice, Consent, and Reference of a Civil Action to a Magistrate Judge, available at http://nysd.uscourts.gov/file/forms/consent-to-proceed-before-us-magistrate-judge, within three days of submitting this Proposed Case Management Plan and Scheduling Order.*]

2. Except for amendments permitted by Fed. R. Civ. P. 15(a)(1) and this Court's Individual Practices in Civil Cases ("Individual Practices"), amended pleadings may not be filed and additional parties may not be joined except with leave of the Court. Any motion to amend or to join additional parties shall be filed within __30__ days from the date of this Order. [*Absent exceptional circumstances, a date not more than 30 days following the initial pretrial conference.*]

3. Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be completed no later than __14__ days from the date of this Order. [*Absent exceptional circumstances, a date not more than 14 days following the initial pretrial conference.*]

4. [*If applicable*] The plaintiff(s) shall provide HIPAA-compliant medical records release authorizations to the defendant(s) no later than Not Applicable_____.

nydocs1-1064421.3

5.  Discovery

    a.  All fact discovery shall be completed [on liability] no later than **July 28, 2016.**[1]  *[A date not more than 90 days following the initial pretrial conference, unless the Court finds that the case presents unique complexities or other exceptional circumstances.]*

    b.  All expert discovery, including reports, production of underlying documents, and depositions, shall be completed no later than **September 12, 2016.**  *[Absent exceptional circumstances, a date not more than 45 days from the date in paragraph 5(a) (i.e., the completion of all fact discovery).]*

    c.  Within two weeks of the date of entry of this Scheduling Order, the parties shall meet and confer in person to agree upon a joint plan for meeting the discovery deadlines.

    d.  In the case of discovery disputes, the parties should follow Local Civil Rule 37.2 with the following modifications: Any party wishing to raise a discovery dispute with the Court **must first meet and confer in good faith** with the opposing party, in person, or by telephone, in an effort to resolve the dispute. If this process fails and the Court's intervention is required, the parties must jointly call Chambers to schedule a joint teleconference with the Court for prompt resolution of the dispute. The Court will determine during the teleconference whether additional submissions will be required.

6.  Counsel for the parties believe the following alternative dispute resolution mechanisms may be helpful in resolving this case (check all that apply):

    _____ Immediate referral to the District's Mediation Program Immediate referral to a Magistrate Judge

    _____ Referral to the District's Mediation Program after the close of fact discovery

    _____ Referral to a Magistrate Judge after the close of fact discovery

    ___X___ Other **(The parties already have engaged in private mediation, which may be resumed at an appropriate point in the future.)**

7.  This case **is**  [~~is not~~] to be tried to a jury.

---

[1] The parties submit this proposed discovery plan consistent with this Court's standing order but subject to the parties' respective proposals, set forth in their contemporaneously filed joint letter, on the phasing of discovery and early dispositive motions. If the Court agrees to a phased approach, then the parties will confer promptly as to a proposed scheduling order setting deadlines for initial limited fact discovery (if any), partial motions for summary judgment or for judgment on the pleadings, and subsequent fact and/or expert discovery as to any remaining, unresolved issues.

nydocs1-1064421.3

8. Other issues to be addressed at the Initial Pretrial Conference, including those set forth in Fed. R. Civ. P. 26(f)(3), are set forth below.

   - The subjects on which fact discovery may be needed;

   - Whether discovery should be conducted in phases (with motion practice) and/or limited to particular issues;

   - Any anticipated confidentiality issues for which a protective order may be required;

   - Anticipated motion practice, including anticipated motions for summary judgment.

9. This Order may not be modified or the dates herein extended except by further Order of the Court for good cause shown. Unless the Court orders otherwise, parties engaged in settlement negotiations must pursue settlement and conduct discovery simultaneously. Parties should not assume that they will receive an extension of an existing deadline if settlement negotiations fail. Any application to modify or extend the dates herein shall be made by written application no later than two business days before the date sought to be extended in accordance with the Court's Individual Practices.

10. The next pretrial conference is scheduled for **July 29, 2016** at **10 a.m.** in Courtroom 443 of the Thurgood Marshall Courthouse, 40 Foley Square, New York, New York 10007. [*Unless otherwise ordered, 10:00 a.m. on the first Friday after the deadline for completion of all fact discovery as set forth in paragraph 5(a).*]

    By Thursday of the week prior to that conference, the parties shall submit a joint letter regarding the status of the case. The letter should include the following information in separate paragraphs:

    a. a statement of all existing deadlines, due dates, and/or cut-off dates;

    b. a brief description of any outstanding motions;

    c. a brief description of the status of discovery and of any additional discovery that needs to be completed;

    d. a statement describing the status of any settlement discussions and whether the parties would like a settlement conference;

    e. a statement of the anticipated length of trial and whether the case is to be tried to a jury;

    f. a statement of whether any party anticipates filing a motion for summary judgment or a motion to exclude expert testimony;

    g. any other issue that the parties would like to address at the pretrial conference;

3

and

h. any other information that the parties believe may assist the Court in advancing the case to settlement or trial.

Counsel for the Parties:

/s/ Luma Al-Shibib
Finley Harckham, Esq.
Luma Al-Shibib, Esq.
Nicholas Maxwell, Esq.
ANDERSON KILL, P.C.
1251 Avenue of the Americas
New York, New York 10020
*Attorneys for Plaintiff*

/s/ Matthew J. Aaronson
Matthew J. Aaronson, Esq.
TROUTMAN SANDERS LLP
875 Third Avenue
New York, NY 10022

OF COUNSEL:

John R. Gerstein (*pro hac vice to be submitted*)
Gabriela Richeimer (*pro hac vice to be submitted*)
TROUTMAN SANDERS LLP
401 9th Street, N.W., Suite 1000
Washington, D.C. 20004

*Attorneys for Defendant*

**SO ORDERED.**

Dated: 4/29
New York, New York

VALERIE CAPRONI
**United Stated District Judge**

nydocs1-1064421.3